BLACKWELL'S ex'ors vs MENEESE.

1. A decree ascertaining the amount of a distributive share in an estate, and giving judgment thereon, can not be entered, *nunc pro tunc*, upon proceedings had upon the final settlement of an estate, prior to the passage of the act of 1832.*

2. A judgment against executors, for a legacy or distributive share of a *feme covert*, in an estate, rendered, on proceedings, in the name of the husband alone, is erroneous.

In error to the Orphans' Court of the county of Montgomery.

This was a judgment, or decree of the Orphans' Court of Montgomery, rendered by that Court against Thomason and Haynes, executors of the last will and testament of John B. Blackwell, had upon a final settlement of that estate on the eleventh day of December, one thousand eight hundred and thirty.—The entry of the judgment, or decree, was in the following terms.

"Saturday, 11th December, 1830—Court met pursuant to adjournment. This day the Court proceeded to the final settlement of the estate of John B. Blackwell, deceased, when after auditing, allowing and rejecting the claims, as exhibited against said estate—it appears to the satisfaction of the Court, that said estate is solvent; and it also appears in the said settlement that there remains in the hands of the executors, the sum of one thousand and nineteen dollars and twenty-four and three

*Aikin's Digest, 252, §39.

fourth cents after paying all the demands as auditted and allowed by said Court."

Upon this entry, a judgment, *nunc pro tunc,* was rendered on the twenty-second day of August, one thousand eight hundred and thirty-one, in the words following:

" Stated Orphans' Court, begun and held on the third Monday in August, one thousand eight hundred and thirty-one, being the twenty-second day of said month, before the Honorable Nimrod E. Benson, judge.

"This day came William D. Meneese, the husband of Henrietta Meneese, who was the daughter of John B. Blackwell deceased, and thereby entitled to a legacy from his estate.—It is therefore ordered by the Court, that Thomas Haynes and John Thomason, executors of the said John B. Blackwell deceased, pay to the said William D. Meneese, the sum of three hundred and thirty nine dollars and seventy-three and three-fourth cents—the legacy coming to his said wife : and the order be entered as on the eleventh day of December, one thousand eight hundred and thirty."

To reverse this decree or judgment, the said executors took a writ of error to this Court, and it was contended for the plaintiffs, that the judgment was erroneous in that it was an *ex parte* proceeding, entered without evidence of the situation of the estate, or of the right of the distributee to a share in the estate : and it was said that even though the anterior proceedings had been proper, they did not show any claim of, or judgment in favor of the defendant in error; and so no decree *nunc pro tunc* could be en-

tered upon an informal or irregular judgment enter-
ed *inter alia partes.*

Argued by *Goldthwaite*, for plaintiffs in error.
*Wilson*, contra.

THORNTON, J.—This case is brought into this
Court, by writ of error from the Orphans' Court of
Montgomery County, to a judgment of said Court,
in favor of the defendant—the record of which is as
follows—stated Orphans' Court, begun and held on
the the third Monday of August, one thousand eight
hundred and thirty-one, &c. " This day came Wil-
liam D. Meneese, the husband of Henrietta Meneese,
who was the daughter of John B. Blackwell, de-
ceased, and thereby entitled to a legacy from his es-
tate. It is, therefore ordered, that Thomas Haynes
and John Thomason, executors of the said Black-
well, deceased, pay to the said William D. Meneese,
the sum of three hundred and thirty-nine dollars and
seventy-four and three fourth cents, the legacy com-
ing to his said wife; and the order be entered, as on
the 11th day of December, 1830."

This judgment is what is denominated technically
a *"nunc pro tunc* judgment" and will be presumed
to have been made upon such grounds as the law
authorises, so far as that feature of it is concerned.
As a judgment of the Court, then of the eleventh
day of December, one thousand eight hundred and
thirty, it must be taken in connection with, and as a
sequal of proceedings then had; and the record
shows that on that day, by virtue of due notice ac-
cording to law, all the parties concerned in the final

settlement of the said Blackwell, deceased, were in Court, and the following judgment pronounced:

"This day the Court proceeded to the final settlement of the estate of John B. Blackwell, deceased; when, after auditing, allowing and rejecting the claims, as exhibited against said estate—it appears, to the satisfaction of the Court, that said estate is solvent; and it also appears in said settlement, that there remains in the hands of the executors, the sum of one thousand nineteen dollars and twenty-four and three-fourth cents, after paying all the demands, as audited and allowed by said Court."

Unless the *nunc pro tunc* judgment, which is here sought to be reversed, can be attached as a sequel to the above recited proceeding, there is nothing to sustain it whatever. At the time this judgment was pronounced, there was no law which authorised or directed that the decree or judgment of the Orphans' Court, upon final settlement of estates, should assess, and insert in said decree or judgment, the amount of each distributive share of the estate remaining on hand, as ascertained by the said final settlement.— The act making such requisition did not pass until eighteen hundred and thirty-two. Prior to that, by act of eighteen hundred and thirty, all decrees of final settlements were given the force and effect of judgments, and executions allowed to issue thereon, for the collection of the distributive amounts. As, however, this act did not require a separate assessment to each distributee, it was found wholly ineffectual, and the act of eighteen hundred and thirty-two, above mentioned, supplied its deficiencies. At the time of this judgment, not even a distributive share

of the balance found in the hands of the executors, could have been adjudged, as was done in this case— much less a legacy given by the will.

By the act of eighteen hundred and twelve, upon petition of any distributee, or legatee, after the expiration of eighteen months from granting letters, and before final settlement of the estate, executors or administrators might be ruled to distribution, upon a condition in their favor, that refunding bond were executed to them: and after final settlement, without any such condition.   If this judgment be supposed to have been rendered as upon such petition, and that formality be dispensed with,—as it appears that the parties were on that day, all present in Court,— yet it is fatally erroneous ; being in favor of the *defendant*, for a legacy to his *wife;* who, from the judgment itself, appears to have been the legatee.

Whether the amount decreed be intended, as I presume was the case, as a distributive portion of the remainder, ascertained to have been in the hands of the plaintiffs upon the final settlement ; or, as its language purports, as a specific bequest by the will of her father, in either case, in any mode of its recovery by law, her interest in the matter would make it necessary, that Henrietta Meneese should be a party with her husband in the suit.

Therefore, let the case be reversed.